IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-13-102-SLP |
| | ) | |
| DAVID WAYNE HEATH, | ) | -- and -- |
| | ) | |
| Defendant. | ) | Case No. CR-13-154-SLP |

**O R D E R**

Before the Court is Defendant's Emergency Motion Under 18 U.S.C. § 3583(c)(1)(A) for Reduction in Sentence [Doc. No. 86]. For the reasons set forth, Defendant's Motion is denied without prejudice.

**I.   Introduction**

Defendant pled guilty to charges of bank robbery in separate cases arising from offenses committed in the United States District for the District of Kansas and the United States District for the Western District of Oklahoma. The Kansas case was transferred to the Western District of Oklahoma and the two cases were then consolidated for purposes of Defendant's change of plea and sentencing. On November 8, 2013 District Judge Timothy D. DeGiusti imposed concurrent sentences of a 151-month term of imprisonment in each case. Defendant is currently incarcerated at FCI El Reno.

On April 22, 2020, Defendant filed the instant Motion. Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic.

Defendant states that he is at increased risk of complications from COVID-19 due to pre-existing health conditions.

## II.     Governing Law

Section 3582(c)(1)(A) permits a district court to "reduce [a] term of imprisonment" in certain circumstances,[1] "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  *Id*.  The Act, therefore, expressly requires exhaustion of administrative remedies.

## III.    Discussion

Defendant affirmatively states that he initiated administrative exhaustion on April 15, 2020, by depositing in the prisoner's internal mail system, a request addressed to the Warden of FCI for a reduction in sentence under § 3582(c)(1)(A).  *See* Def.'s Mot. at 1.  He concedes, therefore, that prior to filing this action, he has not exhausted administrative remedies.  His motion further establishes that 30 days have not elapsed since he submitted a request for relief to the warden.  Instead, he filed the instant Motion with this Court just one week later on April 22, 2020.

---

[1] As applicable here, the Act provides for compassionate release upon a showing of "extraordinary and compelling reasons."  *Id*., § 3582(c)(1)(A)(i).

Defendant argues that because of the "emergency" and "time-sensitive" nature of his request, requiring exhaustion would be futile. Def.'s Mot. at 2. In other words, Defendant requests the Court to waive the exhaustion requirement of § 3582(c)(1)(A).

The Court, however, lacks authority to consider Defendant's request. Where, as here, an exhaustion requirement is statutorily created (as opposed to judicially crafted), it is not subject to waiver. *See Malouf v. SEC*, 933 F.3d 1248, 1256 (10th Cir. 2019) ("[C]ourts lack discretion to excuse the failure to exhaust administrative remedies" where exhaustion is a "statutory requirement." (citing *Ross v. Blake*, -- U.S. --, 136 S.Ct. 1850, 1856-57 (2016)). Thus, Defendant's "[f]ailure to comply with [the] mandatory exhaustion requirement [of § 3582(c)(1)(A)] prevents judicial review of the issue." *Id*.

To date, district courts within the Tenth Circuit to consider § 3582(c)(1)(A)'s exhaustion requirement in the specific context of the COVID-19 pandemic have reached the same conclusion. *See United States v. Bell*, No. 16-20008-02-DDC, 2020 WL 1923086 at *2 (D. Kan. Apr. 21, 2020) (court lacked jurisdiction over defendant's motion for compassionate release under § 3582(c)(1)(A) based on COVID-19 pandemic due to failure to exhaust administrative remedies where defendant filed motion just one week after he filed a request with the warden, had not yet received warden's response, and 30 days had not elapsed since he submitted the request to the warden); *United States v. Gonzalez*, No. 18-cr-00130-PAB, 2020 WL 1905071 at *2-3 (D. Colo. Apr. 17, 2020) (the judiciary lacks "power to craft an exception" to § 3582(c)(1)(A)'s exhaustion requirement and because defendant 's motion failed to indicate warden had responded to administrative request or that 30 days had lapsed from the warden's receipt of such request, motion had to be

dismissed for lack of jurisdiction); *United States v. Perry*, No. 18-cr-00480-PAB, 2020 WL 1676773 at *1 (D. Colo. Apr. 3, 2020) (finding court lacked jurisdiction over the defendant's request for compassionate release under § 3582(c)(1)(A) based on COVID-19 pandemic where he did not satisfy exhaustion requirement and defendant failed to identify any "Tenth Circuit case where [a futility or an irreparable harm] exception to an exhaustion requirement has been found in a factually analogous case").

Consistent with these district court cases, the Third Circuit Court of Appeals has held that § 3582(c)(1)(A)'s exhaustion requirement is "a glaring roadblock foreclosing compassionate release." *United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) (denying motion for compassionate release brought by 68-year old defendant who suffered from diabetes, heart issues and Parkinson's Disease and alleged he was at increased risk due to COVID-19 pandemic due to failure to exhaust).[2]

The Court, therefore, dismisses Defendant's Motion without prejudice for lack of jurisdiction.   Under the circumstances of this case, the Court cannot proceed to address whether "extraordinary and compelling reasons" exist to warrant granting the relief requested by Defendant.

---

[2] While adhering to § 3582(c)(1)(A)'s exhaustion requirement, as precedent requires, the Court nonetheless reiterates the sentiments of the Third Circuit Court of Appeals that: "[the Court] do[es] not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like [Mr. Heath]." *Raia*, 2020 WL 1647922, at *2.

**IV.     Conclusion**

IT IS THEREFORE ORDERED that Defendant's Emergency Motion Under 18 U.S.C. § 3583(c)(1)(A) for Reduction in Sentence [Doc. No. 86] is DENIED without prejudice.

IT IS SO ORDERED this 23rd day of April, 2020.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE